UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION
CASE NO. 10-11893

*ELECTRONICALLY FILED*

JOSEPH S. PROVANZANO                                                                            PLAINTIFF


v.                          **MEMORANDUM IN SUPPORT OF**
            **MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**
                          **AND FOR FAILURE TO STATE A CLAIM**


BRIDGETTE M. PARKER,
INDIVIDUALLY AND DOING BUSINESS AS
PARKER VIEW FARM,
PARKER VIEW FARM, INC.,
ROBERT M. TURNER,
INDIVIDUALLY AND DOING BUSINESS AS
LM TURNER STABLES, AND
LM TURNER STABLES, INC.,

                                                                            DEFENDANTS


************

## I.       INTRODUCTION

Joseph S. Provanzano ("Plaintiff") commenced this diversity action against Defendants Bridget M. Parker, Parker View Farms, Inc., Robert M. Turner and LM Turner Stable ("Defendants") on or about October 21, 2010, seeking relief based on Massachusetts General Laws Chapter 93A.

As shown below, Plaintiff has failed to allege and cannot establish that Defendants have "substantial and continuous" contacts with Massachusetts sufficient to confer general jurisdiction over them.  Moreover, Plaintiff has failed to allege facts sufficient to subject Defendants to specific jurisdiction under Massachusetts General Laws Chapter 223A, Sec. 3(a), the

Massachusetts long-arm statute.   Consequently, this case was not        properly brought in Massachusettsandshouldbedismissedforlackofpersonaljurisdiction.

Plaintiff will suffer no prejudice by dismissal of this case        because the same issues presentedherearecurrentlypendinginalawsuitintheCircuit        CourtinandfortheCountyof Woodford, Commonwealth of Kentucky, Case No. 10-CI-00517 (the "Kentucky Act        ion"). A copyoftheKentuckyActionisattachedheretoasExhibit1.The        KentuckyActionwasbrought byDefendantsagainstPlaintiffapproximatelytwoweeksbefore        Plaintifffiledthiscase(andtwo weeksafterPlaintiff'scounselwasprovidedwithacourtesyc        opyoftheComplaintfiledinthe Kentucky Action).   In the Kentucky Action, Defendants: 1) allege        that Plaintiff committed businessdefamation,2)assertthatPlaintiffbreachedaverbalc        ontractwithParkerView,and3) seek declaratory judgment on behalf of Parker View and Turner.  A        dditionally, Plaintiff has failedtostateclaimbasedonMassachusettsGeneralLawsC        hapter93A.Thetransactionatthe centerofthisactionisnotcoveredbythisconsumerprotectionlaw.

## II.    FACTUALANDPROCEDURALBACKGROUND [1]

In2006,Plaintiff'shorse,MildEmotion,developedaneyeinjurywhile        beingtrainedby DefendantTurner.Complaint¶12.Inanefforttoallowthehorse        torecuperateandbecloseto aneyesurgeoninKentucky,PlaintiffsentthehorsefromNewHam        pshiretoParkerViewFarm inKentucky.   *Id*.at¶¶33-34. AfterbeingtransferredtoKentucky,Plaintiff's        horsewasbred duringthreesuccessiveyearsandproducedafoaleachyear.        *Id*.at¶¶51,58,67&70.Allfour horseswereshippedbacktoNewHampshireduringthesummerof2010.        *Id*.at¶65.

Plaintiff alleges in his Complaint that he never authorized Defe        ndants to breed Mild EmotionduringthethreeplusyearsthatshewasboardedatParkerV        iew.  *Id*.at¶47.Plaintiff allegesthatheagreedtopayonly$350.00permonthtoboardandotherwis        ecareforhishorse

---

[1] ForpurposesofthisMotion,Defendantsacceptthe        followingfactualallegationsallegedbyPlaintiff        astrue.

and that Defendants charged him more than that amount.       *Id*. at ¶ 74. Plaintiff also alleges that Defendants did not return certain equipment belonging to Plaintiff.       *Id*. at ¶ 31. Each of these actions, Plaintiff alleges, violates Massachusetts General Laws, Chapt       er 93A.   *Id*. at ¶¶ 74-79.

However, before Plaintiff filed this action, Defendants filed an a       ction in Woodford County Circuit Court in Versailles, Kentucky on October 8, 2010 asserti       ng claims for breach of contract and defamation and seeking declaratory relief in their       verified complaint.   The undersigned served counsel for Plaintiff with a courtesy copy of t       he Complaint that same day. Plaintiff has not yet been served pursuant to Kentucky's long-arms       tatute and he is believed to be avoiding service.   Plaintiff then filed the instant action in Mass       achusetts Superior Court on October 21, 2010 alleging that Defendants violated Massachusetts Ge       neral Laws Chapter 93A. Defendants removed the action to this Court on November 4, 2010 based on diversity.

## III. ARGUMENT

### A.    The First-to-File Rule dictates that this case should procee       d in Kentucky.

Where two suits are filed in sister courts, the first-filed       action is generally preferred where "prosecution of both would entail duplicative litigation and a w       aste of judicial resources." *S.W. Industries, Inc. v. Aetna Casualty and Surety Co*       ., 653 F. Supp. 631, 634 (D.R.I 1987)   *citing Small v. Wageman*   , 291 F.2d 734, 736 (1st Cir. 1961). This is "not a per se rule, but rather a policy governed by equitable considerations: 'the forum where an act       ion is first filed is given priority over subsequent actions, unless there is a showing of balance       of convenience in favor of the second action, or there are special circumstances which justif       y giving priority to the second.'" *S.W. Industries* , 653 F. Supp. at 634 (    *quoting Gemco Latinoamerica, Inc. v. Seiko Time Corp*       ., 623 F. Supp. 912, 916 (D.P.R. 1985)).

On October 8, 2010 Defendants filed a suit in Woodford County, Kentucky base         d on the same facts that form the basis of the current lawsuit.         *See* Complaint attached hereto as Exhibit 1. Less than two weeks later, Plaintiff filed the instant action i         n Massachusetts Superior Court. Both actions ask the respective courts to determine whether Mass. G         en. Laws, chapter 93A has been violated by Defendants, while the Kentucky Action also assert         s a business defamation claim against Plaintiff as well as a breach of contract cl         aim. Thus, it is clear that allowing both suits to continue will waste judicial resources and be entirely duplicative.

All of the acts that allegedly form the basis of Plaintiff         's claim occurred in Woodford County, Kentucky. Plaintiff sent Mild Emotion to Woodford County in 2006 and         allowed her to remain there for more than three years. Each of the foals born         to Mild Emotion were born in Woodford County and all matings took place in or near Woodford County.  Additional         ly, Plaintiff shipped the horses from New Hampshire to Kentucky and whe         n they were moved off Parker View they were shipped back to New Hampshire. Thus, Massachusetts has no connect         ion to this suit other than the fact that Plaintiff lives there. W         oodford County is the proper venue for the claims the parties have made against one another. This ac         tion should be dismissed or stayed because of the first-to-file rule.

**B.     This Court does not have personal jurisdiction over Defendants.**

**1.     The Massachusetts Long-Arm Statute and The Due Process Clause**

In a diversity action, a federal court examining whether personal         jurisdiction exists must look to the forum state's long-arm statute and construe that statut         e within the bounds of the Due Process Clause.  *See Ticketmaster-New York, Inc. v. Alioto,*         26 F.3d 201, 204 (1st Cir. 1994).

**a.  Massachusetts Long-Arm Statute**

Massachusetts' long-arm statute, codified at Mass. Gen. Laws, c         h. 223A, § 3(a), provides in relevant part:

A court may exercise personal jurisdiction over a person, who acts directly or by
an agent, as to a cause of action in law or equity arising from the person's

(a) transacting any business in this commonwealth;

(b) contracting to supply services or things in this commonwealth;

(c) causing tortious injury by an act or omission in this commonwealth;

(d) causing tortious injury in this commonwealth by an act or omission outside
this commonwealth if he regularly does or solicits business, or engages in any
other persistent course of conduct, or derives substantial revenue from goods used
or consumed or services rendered, in this commonwealth;

### b.   Merger of Massachusetts Long-Arm Statute and the Due Process Clause

A valid assertion of personal jurisdiction must satisfy both the state long-arm statute and

constitutional due process. In situations where a state's long-arm statute reaches as far as the

limits of the Due Process Clause of the United States Constitution, as amended, the two inquiries

are merged and courts need only determine whether the assertion of personal jurisdiction violates

constitutional due process. *See Adelson v. Hananel,* 510 F.3d 43, 49 (1st Cir. 2007).

### 2.   Plaintiff cannot establish personal jurisdiction over Defendants in Massachusetts.

The Due Process Clause permits the exercise of both general and specific jurisdiction.

General jurisdiction exists when a defendant has "continuous and systematic contacts" with the

forum state sufficient to justify the state's exercise of judicial power with respect to any and all

claims against the defendant. *Glater v. Eli Lilly & Co*., 744 F.2d 213, 215 (1st Cir. 1984).

Specific jurisdiction, in contrast, subjects the defendant to suit in the forum state only on a claim

that "arises out of or is related to" a defendant's contacts with the forum. *Id*.

In both instances, the exercise of jurisdiction is limited by the Due Process Clause.

*Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 nn.8-9 (1984). The

cornerstone of the relevant due process inquiry is an analysis of the defendant's contacts with the

selected forum, with the requirement of certain "minimum contact s" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington* , 326 U.S. 310, 316 (1945).

### a.   There is no basis for General Jurisdiction.

Defendants do not have any "continuous and systematic contacts" with M assachusetts that would be sufficient to justify the state's exercise of g eneral jurisdiction over them. It is undisputed that Defendants are foreign individuals and entities who are residents of, or have their principal places of business in, Kentucky and New Hampshire; no Defenda nt is a resident of Massachusetts and neither Parker View nor LM Turner Stable has of fices or physical facilities in the Commonwealth. ( *See* Affidavit of Bridget M. Parker, attached hereto as Exhibit 2, at ¶¶ 3; and Affidavit of Robert Turner, attached hereto as Exhibit 3, at ¶ 3). Defendants own no real or personal property in Massachusetts. (Parker Aff. at ¶ 3; Turne r Aff. at ¶ 3). Until this lawsuit, Defendants had never been sued in the courts of Massachusetts, and they have never initiated a lawsuit in this Commonwealth. (Parker Aff. at ¶ 7; Turner Aff. at ¶ 5). Further, Defendants do not directly advertise in Massachusetts and do not regularly provide d services within the state. (Parker Aff. at ¶¶ 4-8; Turner Aff. at ¶¶ 2-4). These conta cts fall far below the standard of "continuous and systematic contacts" for imposing general jurisdiction over D efendants.

### b.   Specific Jurisdiction does not exist.

To determine whether specific personal jurisdiction exists, the First Circuit has adopted a three-pronged analysis: First, the defendant must purposefully avail itself of the privilege of acting in the forum state or causing consequences in the forum st ate. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the

exercise of jurisdiction over the defendant reasonable. *United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp.,* 960 F.2d 1080 (1st Cir. 1992). Even if these criteria are satisfied, jurisdiction is appropriate only if "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co.,* 326 U.S. at 316.

### i. Defendants did not purposefully avail themselves of acting in the Commonwealth of Massachusetts.

The "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated contacts." *Burger King v. Rudzewicz,* 471 U.S. 462, 475 (1985). The test as to whether a party has "transacted business" under Massachusetts law is "designed to identify deliberate, as distinguished from fortuitous, contacts with the forum by the nonresident party, with a view to determining whether the possible need to invoke the benefits and protections of the forum's laws was reasonably foreseeable." *Lyle Richards Int'l v. Ashworth, Inc.*, 132 F.3d 111, 113 (1st Cir. 1997) (internal quotations and citations omitted). One of the critical issues in making this determination is whether the foreign party "initiated or solicited the business transaction in Massachusetts." *Id.* Clearly, such is not the case here.

Mild Emotion was shipped from New Hampshire to Kentucky solely on the initiation of Plaintiff. (Parker Aff. at ¶ 9; Turner Aff. at ¶ 8). No Defendant met with Plaintiff in Massachusetts to discuss shipping the horse to Parker View. (Parker Aff. at ¶ 10; Turner Aff. at ¶ 10). Plaintiff made the decision to ship the horse to Kentucky to have her evaluated by a specialized equine eye surgeon who could evaluate the condition of her eye. (Turner Aff. at ¶ 8). To this day, Bridget Parker has never met Plaintiff personally. (Parker Aff. at ¶ 10). None of the Defendants did anything to solicit the business of Plaintiff prior to Plaintiff contacting them. (Parker Aff. at ¶ 13; Turner Aff. at ¶ 9). While Defendant Turner may have suggested Parker

View as an appropriate location to board Mild Emotion in Kentucky after being asked by Plaintiff ( *Id.*), such a suggestion does not then subject Defendants to this court's jurisdiction. And it certainly does not subject Parker View to jurisdiction in Massachusetts.

### ii.   No cause of action arises from Defendants' activities, if any, in Massachusetts.

Because Defendants did not conduct any activities in Massachusetts, Plaintiff cannot establish the second prong of the test: the cause of action must have arisen from defendant's activities in the forum state.  It is undisputed that prior to Mild Emotion being shipped to Kentucky, she was located in New Hampshire. Additionally, when the horses were moved from Kentucky they returned to New Hampshire, not Massachusetts.

The crux of Plaintiff's claim is that his horse was bred multiple times without his consent causing his bills to be far in excess of what he had allegedly agreed upon. This conduct, to the extent it occurred, took place entirely in Kentucky.  The entire transaction was initiated by Plaintiff to occur outside of Massachusetts and the services were all provided outside of the Commonwealth.

### iii. Defendants' connections with Massachusetts are insufficient to satisfy the "substantial connection" requirement.

Plaintiff cannot establish the third requirement of "a substantial enough connection with the forum state" to make the exercise of jurisdiction reasonable.  The determination of reasonableness depends on an evaluation of several factors: (1) the burden on the defendant of litigating in the forum, (2) the interest of the forum state, (3) the plaintiff's interest in obtaining convenient and effective relief, and (4) the shared interest of the several states in furthering fundamental substantial social policies.  *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). The analysis of these factors demonstrates that this action should be dismissed.

8

The burden for Defendants to litigate in the State of Massachus etts is significant. Massachusetts has very little interest in the action because the transac tions were not completed or performed within the State. Plaintiff is able to assert this s ame claims in the Kentucky Action to obtain relief. Kentucky clearly has an interest in regulatin g the kinds of business practices that are acceptable in the State, especially equine business.

In sum, Plaintiff has not and cannot meet its burden of demonstrating that Defendants have sufficient connections with Massachusetts to satisfy the "s ubstantial connections" requirement for the specific jurisdiction test .

**C.      Plaintiff has failed to plead a viable claim under Mass. Gen. Laws, ch. 93A.**

According to the Supreme Judicial Court of Massachusetts, a "private remedy is available" under Mass. Gen. Laws, Chapter 93A, Sec. 9 "only to a consumer , that is, a 'person who purchases or leases goods or services or property, real or persona l, primarily for personal, family or household purposes.'" *Slaney v. Westwood Auto, Inc.* , 366 Mass. 688, 701 (Mass. 1975). The court went on to state that two things must be pled in order t o state a claim: "First, there must be alleged an included transaction, i.e., a purchase or lea se of goods, services, or real or personal property. Second, the included transaction must have been underta ken primarily for personal, family, or household purposes." *Id.* Plaintiff cannot establish either requirement.

First, Plaintiff did not "purchase services for personal, family or household purposes." He paid for breeding and boarding at an equine boarding facility. Sec ond, the interactions between the parties demonstrate that Plaintiff is not a consumer within the meaning of the statute. The communications, even from very early on, indicate that Plaintiff considered the breeding of Mild Emotion to be a *business* rather than a personal endeavor. Communications from Plaintiff, attached hereto at Exhibit 4. Because his motive s were not "primarily for

personal, family, or household purposes," Defendant is not entitled to asser        t a claim under

Sections2&9ofChapter93AoftheMassachusettsGeneralLawsinthisoranyotherl                awsuit.

Clearly, the decision to board your horse at a farm and breed her mul          tiple times in the

hopeofsellingthefoalsforprofitisnotthetypeof"consumertr            ansaction"thatisintendedtobe

protectedbysuchlaws.

## IV.CONCLUSION

Fortheforegoingreasons,DefendantsrespectfullyrequestthisCourtto:

1)    stayordismissthisactionbecauseofthefirst-to-filerule.

2)    dismissthisactionunderFederalRuleofCivilProcedure12(b)(2)          forlack
of personal jurisdiction, as the overwhelming facts and authority
demonstrate that Defendants lack sufficient contacts for this C        ourt to
asserteithergeneralorspecificjurisdictionoverit;and/or

3)    dismiss this action under Federal Rule of Civil Procedure 12(b)(6)         for
failuretostateaclaim.

Respectfullysubmitted,

/s/MichaelJ.Mott
MichaelJ.Mott
DINSMORE&SHOHLLLP
255E.FifthStreet
1900ChemedCenter
Cincinnati,Ohio45202
(513)977-8200
(513)977-8141(Facsimile)
michael.mott@dinslaw.com
*CounselforDefendants*

## CERTIFICATEOFSERVICE

      This is to certify that a copy of the foregoing Memorandum was      served electronically withtheClerkoftheCourtbyusingtheCM/ECFsystemonthis      the11 $^{th}$dayofNovember,2010 uponallpartiesofrecord.

                     /s/MichaelJ.Mott
                     *CounselforDefendants*