United States District Court
District of Massachusetts

```
_____
                              )
JOSEPH S. PROVANZANO,         )
     Plaintiff,               )
                              )
     v.                       )   Civil Action No.
                              )   10-11893-NMG
PARKER VIEW FARM, INC., ROBERT)
M. TURNER, LM TURNER STABLES, )
INC., and BRIDGETTE M. PARKER,)
     Defendants.              )
_____)
```

## MEMORANDUM AND ORDER

**GORTON, J.**

The plaintiff, Joseph S. Provanzano, brought this action against Bridgette M. Parker, individually and doing business as Parker View Farm, Inc. ("Parker") and Robert M. Turner, individually and doing business as LM Turner Stables, Inc. ("Turner"), for violations of the Massachusetts Consumer Protection Act ("Chapter 93A").

In June, 2011, the Court denied defendants' motion to dismiss the case for lack of jurisdiction. Defendants timely moved the Court to reconsider its decision, pointing out that the Court did not address the forum-selection provision of the parties' Breeding Agreement. In November, 2011, the Court granted defendants' motion for reconsideration and, after reconsideration, allowed defendants' motion to dismiss the case for lack of personal jurisdiction ("the November, 2011 M&O").

-1-

Pending before the Court are plaintiff's initial and amended motions to reconsider its decision to dismiss the case and defendants' opposition thereto.

I. **Legal Analysis**

   A. **Standard**

   A district court has "substantial discretion and broad authority to grant or deny" a motion for reconsideration filed pursuant to Fed. R. Civ. P. 59(e) or 60(b). Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81 (1st Cir. 2008). Reconsideration is appropriate only in the presence of "a manifest error of law or newly discovered evidence," Kansky v. Coca-Cola Bottling Co. of New Eng., 492 F.3d 54, 60 (1st Cir. 2007), or upon a showing that the Court has made an error "not of reasoning but apprehension," Ruiz Rivera, 521 F.3d at 81. Reconsideration is not a mechanism designed to allow the losing party to present new legal arguments or "to repeat old arguments previously considered and rejected." Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).

   B. **Application**

   Plaintiff's initial motion to reconsider takes a scattershot approach, asserting that the November, 2011 M&O was in error for the following reasons: 1) the Breeding Contract containing the forum-selection clause was not a valid contract, 2) the Court would have personal jurisdiction over the defendants but-for the

forum-selection clause, 3) the Breeding Contract governs only the initial breeding of Mild Emotion in 2008, not any subsequent breedings, 4) plaintiff's handwritten modification to the Breeding Contract affected not only the choice-of-law clause but also the forum selection clause and 5) dismissing plaintiff's claims against Robert Turner d/b/a LM Turner Stables, Inc. will preclude the plaintiff from litigating those claims because Turner was not a party to the Breeding Contract and thus is not subject to the jurisdiction of Kentucky courts.  The Court addresses plaintiff's arguments <u>seriatim</u>.

First, with respect to the validity of the Breeding Contract, plaintiff recycles the same arguments already considered and rejected by the Court, namely: a) there was no meeting of the minds or consideration, b) defendant's signing of the contract should be considered a counteroffer, not an acceptance, and c) the contract is void as a result of duress and threats.  Reconsideration is, therefore, unwarranted. <u>See</u> <u>Liu</u> v. <u>Mukasey</u>, 553 F.3d 37, 39 (1st Cir. 2009) (explaining that reconsideration is not proper when the movant "simply regurgitates contentions that were previously made and rejected").

Second, whether the Court would have personal jurisdiction over the defendants absent a forum-selection clause is moot.  The Court has ruled that the forum-selection clause is valid and, as explained, plaintiff has presented no new or compelling reasons

to reconsider that decision.

Third, the Court agrees that the Breeding Contract governs only the initial breeding of Mild Emotion in 2008 and not any subsequent breedings. As the Court already explained in its November, 2011 M&O, however, it would be a significant waste of judicial resources to try some of plaintiff's claims in Kentucky and others in Massachusetts. The Kentucky court has jurisdiction to hear plaintiff's claims against the defendants for any subsequent breedings because they are closely related to the subject claims. Consolidating all of the claims in one action is in the interest of judicial economy.

The Court declines to address Provanzano's fourth argument because he raises it for the first time in his motion for reconsideration. Cochran v. Quest Software, Inc., 328 F.3d 1, 11 (1st Cir. 2003). Even if he had made the argument earlier, however, it would not have altered the Court's analysis because Provanzano's claims against Parker View do not relate to "his responsibilities" under the Breeding Contract.

As for his fifth argument, it is unlikely that the dismissal of this case will prevent plaintiff from litigating his claims against Robert Turner d/b/a LM Turner Stables, Inc. because Turner is a party to the ongoing Kentucky suit and has voluntarily submitted to the jurisdiction of the Kentucky Court. Even if Turner had not subjected himself to the jurisdiction of

the Kentucky Court, that Court nevertheless has personal jurisdiction over him if plaintiff proves (as he alleges) that defendants Turner and Parker "regularly transact business together" and conspired to defraud the plaintiff.

On November 23, 2011, plaintiff amended his motion to reconsider to alert the Court to the "newly discovered" first draft of the Breeding Contract at issue "proving" that he never intended to enter into the contract. The Court is unpersuaded that the proffered document is newly discovered evidence. Rather, it appears that plaintiff has handwritten on an old photocopied draft the following:

> Bridgette - I have left you a message I want to follow up. What in the world is this all about. I made it clear - Do not breed this horse - period. Please call - Joe.

Putting aside the authenticity and uncertain timing of the addendum, it does not alter the fact that the plaintiff signed the contract that authorized the breeding.

### ORDER

In accordance with the foregoing, plaintiff's motions for reconsideration (Docket Nos. 33 and 34) are **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton<br>
Nathaniel M. Gorton<br>
United States District Judge

Dated December 14, 2011